## Murray v. Murray.

(Decided March 16, 1915.)

### Appeal from Campbell Circuit Court.

Divorce—Alimony Allowances and Disposition of Property—Permanent Alimony—Gross Sum.—An allowance of $500 with attorney fee of $100 held not excessive alimony where the wife was granted a divorce, the husband's estate amounting to approximately $2,700, and the wife having no means except $300, an equity in heavily mortgaged property.

G. F. BOUGHNER for appellant.

A. C. HALL for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

James H. Murray and Margaret J. Murray were married in Bracken County and lived therein upon a farm for about twenty years. They then took up their residence in Dayton, in Campbell County, having bought a house and lot there, and made a payment of six hundred dollars on it; and Murray worked at the trade of carpenter. This was in 1905. In October, 1912, he left his home in Dayton and went back to Bracken County. In March, 1913, his wife sued him for divorce and alimony, the grounds alleged being continuous and habitual behavior toward her in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness.

The evidence for the plaintiff shows that the defendant's use of intoxicating liquors, to which he became addicted after moving to Dayton, was the underlying cause of their domestic dissensions; that he cursed his wife, applied to her vulgar epithets, threatened her life, objected to her church-going; wasted his earnings, and, in general, made life a burden to her. Their two sons, aged nineteen and twenty-two years, respectively, corroborate their mother in her charges, as well as other witnesses.

The chancellor rendered judgment granting the plaintiff a divorce and alimony in the sum of $500, together with an attorney fee of $100. Defendant appeals, contending that the allowance is excessive.

Appellant owns a farm in Bracken County worth $2,400, which, however, is subject to a life annuity to

his parents, who are quite old, of forty-five dollars per annum; and the house and lot in Dayton is owned jointly by appellant and appellee. Appellant's interest therein is worth $300, the property being mortgaged to within six hundred dollars of its value. The judgment provides that if appellant conveys his interest in the Dayton property to appellee, the judgment shall be credited with three hundred dollars. Appellee has no means of her own aside from her half interest in the Dayton property, worth $300.

The allowance is about the usual allowance, considering the estate of the parties, and the attorney fee is not unreasonable. The statute provides that the wife, in cases of this character, shall have such allowance out of the estate of the husband as may be deemed equitable; and we think the judgment herein fully conforms to the requirements of the statute.

Affirmed.